UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Maria S., | |
| Plaintiff, | Civil No. 3:22-cv-01074-SRU |
| v. | |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | August 29, 2022 |

**ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff, Maria S.,[1] has moved for leave to proceed *in forma pauperis* – in other words, she has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits her to do so if, among other things, she submits an affidavit listing her assets and showing that she is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but she does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of [her] poverty pay or give security for the costs and still be able to provide [herself] and [her] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1] Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, the Plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

In determining whether a plaintiff's financial circumstances meet these standards, courts consider not only his or her personal resources, but also the resources of persons who support her. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision). In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In this case, Plaintiff's motion for leave to proceed *in forma pauperis* was accompanied by a financial affidavit stating that she has been unemployed since 2014, receives no government benefits and her husband makes $300 per week. (ECF No. 3, at 3.) She reports a checking account balance of $200. (*Id.* at 4.) She reports monthly obligations of $1,370 for rent, $120 for electricity, $400 for food and no transportation costs, totaling $1,890 per month. (*Id.*)

Perhaps anticipating that the court would ask her to explain how she sustains herself when her expenses exceed her income each month, Plaintiff states that her "[h]usband and children financially support [her]." (*Id.* at 5.)

"When an applicant fails to explain how she supports herself, courts generally regard her application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 3:22-CV-00664 (SRU) (TOF), 2022 WL 2069112, at *2 (D. Conn. May 19, 2022) (citing *Amanda M. v. Kijakazi*, No. 3:22-cv-00353 (SRU) (TOF), 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022) ("Because no one can live on no income and no assets . . . these

sorts of affidavits must be incomplete and, by extension, fail to support *in forma pauperis* status"); *Pierre*, *supra*, 2018 WL 10072449, at *1 (denying motion for leave to proceed *in forma pauperis* when the plaintiff "claim[ed] that he ha[d] no assets and receive[d] no support from a spouse or from any other source," but "offer[ed] no explanation for how he survives day-to-day or how his monthly expenses are paid")).

Because Plaintiff is entirely supported by family, and because she has not provided sufficient information about her family's resources, this Court is unable to determine whether she is entitled to proceed without paying the filing fee. The Court therefore orders that, by September 12, 2022, Plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit that includes a statement of the resources of any person from whom she draws financial support and his/her ability to pay the fee.

Plaintiff is respectfully advised that, if she neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, her case may be dismissed.

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge
